IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MUSCOGEE (CREEK) NATION OF OKLAHOMA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-cv-00918L<br>Judge James F. Merow |

**PARTIES' JOINT MOTION FOR TEMPORARY STAY OF LITIGATION AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that this Court issue a stay of the litigation of this case, effective immediately, to and including June 29, 2007. The grounds for this joint motion are as follows:

1. Plaintiff filed this case on December 28, 2006. See Complaint, Doc. 1. Additionally, Plaintiff filed a companion case for declaratory and injunctive relief in the United States District Court for the District of Columbia, Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06-cv-02161-JR (D.D.C.), on December 20, 2006. Plaintiff's allegations in both cases relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff.

2. Under RCFC 12, the deadline for Defendant to file its Answer or otherwise respond to the Complaint is currently February 26, 2007.

3. On January 4 and January 9, 2007, Plaintiff's counsel of record conferred with Defendant's counsel, and, among other things, they discussed and agreed to (a) launch settlement discussions to address or resolve the issues and claims raised by Plaintiff in this case, as well as the companion case in the United States District Court, Muscogee (Creek) Nation, No. 1:06-cv-02161-

JR; (b) undertake several activities, including informal requests and productions of relevant or potentially relevant documents and data, in furtherance of the settlement discussions; and (c) seek a temporary stay of litigation, to and including June 29, 2007, in this case and in the United States District Court case, so that the parties could continue their settlement discussions. Counsel's discussion and their agreement were consistent with the ones that resulted from the meeting that they conducted in September, 2006, in other Tribal trust accounting and trust mismanagement cases that Plaintiff's counsel of record and his co-counsel (collectively, "Plaintiff's counsel") have filed or are handling in this Court and in the United States District Court for the District of Columbia, on behalf of other Tribes.

4. In addition to this case and Plaintiff's companion case in the United States District Court, Muscogee (Creek) Nation, No. 1:06-cv-02161-JR, Plaintiff's counsel have filed or are handling 30 other lawsuits against Defendant and/or the Secretaries of the Interior and the Treasury and the Special Trustee for American Indians, on behalf of 15 other Tribes, in this Court and in the United States District Court for the District of Columbia. In total, Plaintiff's counsel are currently representing 16 Tribes (including Plaintiff), and, on behalf of those Tribes, they have filed or are handling 16 cases for damages in this Court (including this case)[1/] and 16 companion cases for

---

[1/] The 16 cases that Plaintiff's counsel have filed or are handling in this Court are Cheyenne River Sioux Tribe v. United States, No. 06-cv-00915-NBF; Confederated Tribes of the Goshute Reservation v. United States, No. 06-cv-00912-EGB; Crow Creek Sioux Tribe v. United States, No. 05-cv-1383L-MCW; Eastern Shawnee Tribe of Oklahoma v. United States, No. 06-cv-00917-CFL; Iowa Tribe of Kansas and Nebraska v. United States, No. 06-cv-00920-EJD; Lower Brule Sioux Tribe v. United States, No. 06-cv-00922-LB; Muscogee (Creek) Nation of Oklahoma v. United States, No. 06-cv-00918-JFM; Northwest Band of Shoshone Indians v. United States, No. 06-cv-00914-LB; Oglala Sioux Tribe v. United States, No. 05-cv-1378L; Omaha Tribe of Nebraska v. United States, No. 06-cv-00911-MBH; Prairie Band of Potawatomi Indians v. United States, No. 06-cv-00921-LJB; Red Cliff Band of Lake Superior Indians v. United States, No. 06-cv-00923-JPW; Rosebud Sioux Tribe v. United States, No. 06-cv-00924-JFM; Stillaguamish Tribe of Indians v. United States, No. 06-cv-00916-MBH; Winnebago Tribe of Nebraska v. United States, No. 06-cv-00913-MMS; and Wyandot Nation of Kansas v. United States, No. 06-cv-00919-LMB.

declaratory and injunctive relief in the United States District Court.[2] All of these cases are Tribal trust accounting and trust mismanagement cases.

5. By counsel's computation, there are presently about 103 Tribal trust accounting and trust mismanagement lawsuits pending in this Court, in the United States District Court for the District of Columbia, and in the United States District Courts in Oklahoma. See Exhibit 1. This number includes the 32 cases that have been filed or that are being handled by Plaintiff's counsel.

6. Based on their discussions, counsel for the parties herein have agreed that, if at all possible, they would try to convene a meeting and/or conference call with the counsel for the Tribes in the 103 lawsuits, so that they could confer, among other things, about various options for addressing and handling the entire body of the 103 cases (or parts thereof), in an efficient, cost-effective, and resource-conserving way. Counsel for the parties herein further have agreed that, at the minimum, they would confer about a process for obtaining relevant or potentially relevant documents and data and for exploring the possibility of settlement in the 32 cases (including this one) that have been brought or are being handled by Plaintiff's counsel in this Court and the United States District Court.

7. Given that it would require some time and effort to convene a discussion among

---

[2] The 16 cases that Plaintiff's counsel have filed or are handling in the United States District Court are Cheyenne River Sioux Tribe v. Kempthorne, No. 1:06-cv-01897-JR; Confederated Tribes of the Goshute Reservation v. Kempthorne, No. 1:06-cv-01902-JR; Crow Creek Sioux Tribe v. Kempthorne, No. 1:06-cv-00900-JR; Eastern Shawnee Tribe of Oklahoma v. Kempthorne, No. 1:06-cv-02162-JR; Iowa Tribe of Kansas and Nebraska v. Kempthorne, No. 1:06-cv-01899-JR; Lower Brule Sioux Tribe v. Kempthorne, No. 1:05-cv-02495-JR; Muscogee (Creek) Nation of Oklahoma v. Kempthorne, No. 1:06-cv-02161-JR; Northwest Band of Shoshone Indians v. Kempthorne, No. 1:06-cv-02163-JR; Oglala Sioux Tribe v. Kempthorne, No. 1:04cv01126-JR; Omaha Tribe of Nebraska v. Kempthorne, No. 1:04cv00901-JR; Prairie Band of Potawatomi Indians v. Kempthorne, No. 1:05cv02496-JR; Red Cliff Band of Lake Superior Indians v. Kempthorne, No. 1:06-cv-02164-JR; Rosebud Sioux Tribe v. Kempthorne, No. 1:05-cv-02492-JR; Stillaguamish Tribe of Indians v. Kempthorne, No. 1:06-cv-01898-JR; Winnebago Tribe of Nebraska v. Kempthorne, No. 1:05cv02493-JR; and Wyandot Nation of Kansas v. Kempthorne, No. 1:05cv02491-JR.

themselves (about the 32 cases that Plaintiff's counsel have filed or are handling) and/or with the counsel for the other Tribes (about the 103 or so filed cases), counsel for the parties herein have agreed that it would be proper, sensible, and appropriate to seek a temporary stay of the litigation of this case, to and including June 29, 2007, so as to permit an adequate opportunity for such a discussion. Also, counsel have agreed that, on or before June 29, 2007, they would inform the Court in writing of the outcome of their joint discussion and make a proposal to the Court about whether and how to proceed with the case (e.g., informal settlement discussions, mediation, litigation, etc.). In the event that the parties determine to reinstate and proceed with the litigation, the parties would include, as part of their proposal, their recommendations regarding filing deadlines for such items as Defendant's Answer or response to the Complaint and the parties' Joint Preliminary Status Report ("JPSR") pursuant to RCFC Appendix A, ¶ 4.

8. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Temporarily stay the litigation of this case, to and including June 29, 2007;

b. Make the temporary stay effective immediately, thus deferring the filing deadline for Defendant's Answer or response to the Complaint, among other things, until after the termination of the temporary stay;

c. Order that the parties file a joint status report on or before June 29, 2007, informing the Court of the outcome of their joint discussion and making a proposal to the Court about whether and how to proceed with the case; and

d. Direct that, in the event that the parties seek to reinstate and proceed with the litigation of this case, the parties set forth, in their joint status report and proposal, their recommendations regarding the deadlines for such items as the filing by Defendant of its Answer

or response to the Complaint and the filing of the parties' JPSR pursuant to RCFC Appendix A, ¶ 4.

9. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and with the Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other Tribes in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 20th day of February, 2007,

Respectfully submitted this 20th day of February, 2007,

MATTHEW McKEOWN
Acting Assistant Attorney General

*/s/ Jennifer L. Allaire*
*for Brian J. Leinbach*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorney of Record for Plaintiff

*/s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE, NJ Bar ##4419-2002
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

PATRICIA A. MARKS
15992 A.E. Mullinix Road

OF COUNSEL:

ANTHONY P. HOANG, FL Bar #798193
MARTIN J. LALONDE, IL Bar #6218249

Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing JOINT MOTION FOR TEMPORARY STAY AND [PROPOSED] ORDER was served on February 20, 2006, by Electronic Case Filing or by regular, first-class United States mail, postage pre-paid, and by electronic mail or telefax, unless otherwise noted below, on the following counsel:

Patricia A. Marks
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Fax: (301) 854-5117

Walter J. Lack
Brian J. Leinbach
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Fax: (310) 552-9434

Gregory A. Yates
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Fax: (818) 905-7038

*/s/ Jennifer L. Allaire*
JENNIFER L. ALLAIRE