# In the United States Court of Federal Claims

No. 06-918 L
(Filed November 19, 2007)

| | |
|---|---|
| MUSCOGEE (CREEK) NATION OF OKLAHOMA, Plaintiff, | * |
| v. | * |
| THE UNITED STATES, Defendant. | * |

## ORDER REGARDING CONFIDENTIALITY OF SETTLEMENT DISCUSSIONS

This matter is before the Court on the parties' joint stipulation regarding confidentiality of their settlement discussions. Upon consideration of the joint stipulation and for good cause shown, it is hereby **ORDERED** that:

1. The joint stipulation, filed November 14, 2007, should be and hereby is **APPROVED**.

2. For the purposes of this Order and the associated Joint Stipulation, the term "settlement communications" means any communications made, exchanged, or provided by Plaintiff; Plaintiff's attorneys, representatives, employees, agents, or consultants; Defendants; or Defendants' attorneys, representatives, employees, agents, or consultants, in, or for purposes of, settling this case, regardless of whether the communications are oral, written, electronic, telephonic, or otherwise. "Settlement communications" include but are not limited to those provided in or through meetings, telephone calls, correspondence, briefs, or memoranda not filed with the Court, reports, appraisals, or any other documents, and any part thereof. All written settlement communications shall be marked or stamped with the endorsement "Confidential Settlement Discussions—Do Not Disclose."

3. All settlement communications in this case, whether written or oral, shall be kept confidential, and they shall not be disclosed to any person or entity seeking their disclosure by any means, including but not limited to requests submitted to the United States Department of the Interior, the United States Department of the Treasury, and the United States Department of Justice, under the Freedom of Information Act, 5 U.S.C. § 552.

4. Until further order of this Court, this Order and the associated Joint Stipulation shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

s/ James F. Merow
James F. Merow
Senior Judge